UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MOOMEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CV-2820 JAR |
| TIMOTHY A. LOHMAR, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff, Michael D. Moomey, an inmate at the St. Charles County Department of Corrections, for leave to commence this action without payment of the required filing fee. The Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against plaintiff arising out of the same facts.

### Background

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth Amendment rights against illegal search and seizure. He states that on August 30, 2017[1], he woke up unconscious in St. Mary's Hospital in St. Louis, Missouri, and he was told that he was being charged with armed criminal action and first degree domestic assault. Plaintiff claims that

---

[1] *State v. Moomey*, No. 1711-CR02906-01 (11th Judicial Circuit, St. Charles County), Mo.Case.Net, https://www.courts.mo.gov/ states that plaintiff was served a warrant for his arrest on September 1, 2017.

he was told by police officers that he had purportedly struck his wife with a rented vehicle. Nevertheless, plaintiff asserts that the defendant police officers in this action falsely placed information in the probable cause statement in order to get a warrant against him.

The probable cause statement, signed on August 30, 2017, by St. Charles Detective David Weissenborn, states:

> On 08/29/17 the victim was running west for exercise on Sibley St. near Gamble St. when she was struck from behind by a vehicle. The impact caused her to land on the hood and strike the back of her head on the windshield. The vehicle drove away after striking her. The victim suffered a concussion and laceration on the back of her head and injuries to her right arm. The victim stated the vehicle was grey/silver in color. The victim also advised she was in the process of getting a divorce from her estranged husband Michael Moomey. She advised he had told her in the past that he understood when someone kills their children and spouse and themselves.
>
> On 08/30/17 I received a phone call from the Maryland Heights PD P.O Swatek advising that they had conducted a check on the wellbeing at the residence M. Moomey was staying at and discovered what they described as a suicide note. P.O. Swatek advised the University City PD had responded to the area of Big Bend and Forest Park Pkwy where they had discovered M. Moomey unconscious laying on the roadway. They discovered a grey/silver vehicle parked nearby that had been rented by M. Moomey. The vehicle's windshield had been broken in the lower right passenger side and it was later discovered there were what appeared to be human hair stuck to the damage. The hair color was similar to that of the victim's. Also in the vehicle was a baseball bat and an ice pick or awl.
>
> M.Moomey was transported to St. Mary's hospital for treatment. M.Moomey admitted to renting the vehicle. He advised he did not remember what had happened and did not know how he had ended up in the hospital.

Based on Officer's Weissborn's probable cause statement, filed in *State v. Moomey,* No. 1711-CR02906-01 (11th Judicial Circuit, St. Charles County), on August 31, 2017, a warrant was issued for plaintiff's arrest on charges of first degree domestic assault and armed criminal action. Plaintiff was arraigned on September 1, 2017. A grand jury indictment was filed against plaintiff on January 5, 2018.

As noted above, plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that there was a lack of probable cause to arrest him and that he is being held in violation of the Fourth Amendment. He asserts that his wife, defendant Sarah Moomey, acted in concert with several St. Louis County Police Officers, as well as several St. Charles Prosecutors, to bring a criminal action against plaintiff in order to assist her in divorcing plaintiff and seizing custody of her children.

Plaintiff claims that Sarah Moomey worked as an administrative assistant at "St. Louis County Headquarters" and began to have an affair with an unnamed St. Louis County Police Lieutenant she worked with there. Plaintiff further alleges that the Lieutenant and an Unknown County Captain told Sarah Moomey that they would "use their influence" to assist her with divorcing plaintiff and seizing custody of her children. Thus, on three occasions, Sarah Moomey purportedly reported that plaintiff assaulted her and swore criminal complaints against plaintiff. *See Moomey v. Moomey*, No. 1611-PN01060 (11th Circuit, St. Charles County Court).[2]

Plaintiff asserts that Police Officers Swatek, Lewis and Weissenborn searched his home and car on August 30, 2017 without his consent and that these defendant Police Officers conspired with Prosecutors Anderson, Shaffer and Lohmar to violate plaintiff's rights to due process by

---

[2]Sarah Moomey was granted a full order of protection against plaintiff on July 13, 2016. By consent, the judgment was effective through July 26, 2017. On September 15, 2016, it was alleged that plaintiff violated the order of protection by sending threatening texts to Sarah Moomey. *See State v. Moomey,* No. 1611-CR06931 (11th Judicial Circuit, St. Charles County Court). Plaintiff pled guilty on June 20, 2017 and he was given two years Suspended Execution of Sentence ("SES") probation and one year SES jail time in St. Charles County Jail concurrent with No. 1611-CR04872. On September 5, 2016, it was alleged that plaintiff violated the order of protection by sending texts wherein he was cursing at Sarah Moomey. *See State v. Moomey,* No. 1611-CR04872 (11th Judicial Circuit, St. Charles County Court). Plaintiff pled guilty on June 29, 2017 and he was given two years Suspended Execution of Sentence ("SES") probation and one year SES jail time in St. Charles County Jail concurrent with No. 1611-CR06931.

arresting him without probable cause, as set forth above. Plaintiff also asserts that Unknown Officers from St. Louis County, including the Chief of Police and an Unknown Lieutenant conspired with plaintiff's wife to interfere in plaintiff's marriage and unlawfully make up charges against plaintiff so that plaintiff's wife could swear out an Order of Protection against plaintiff and he would lose custody of his children.

Plaintiff asserts a state law claim of intentional infliction of emotional distress against the defendants. For relief, plaintiff seeks an injunction and monetary relief.

## Discussion

In *Wallace v. Kato,* the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace*, 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Here, plaintiff does not specifically assert a claim for false arrest, but asserts § 1983 claims for illegal seizure, conspiracy, and a state law claim of intentional infliction of emotional distress. These claims relate to rulings that "will likely be made in a pending or anticipated criminal trial." *Id.* The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter against plaintiff has been resolved through criminal proceedings. *See, e.g., Vonneedo v. Dennis*, No. 1:17-CV-183 NAB, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying § 1983 case alleging unconstitutional search and seizure under principles articulated in *Wallace v. Kato*); *Anderson v. Robinson*, No. 4:12-CV-967 CAS, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same).

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[3]

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against plaintiff in *State v. Moomey*, No. 1711-CR02906-01 (11th Judicial Circuit, St. Charles County), as well as any direct appeals and post-conviction proceedings.

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *State v. Moomey*, No. 1711-CR02906-01 (11th Judicial Circuit, St. Charles County) as well as any direct appeals and post-conviction proceedings.

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition of all direct appeals and post-conviction proceedings.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #6] is **DENIED** at this time.

Dated this 22ND day of June, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[3]After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).